**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MIGUEL JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden CARL HUMPHREY, *et al.*, | : | NO. 5:14-CV-376-MTT-CHW |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **MIGUEL JACKSON**, a prisoner at Georgia Diagnostic and Classification Prison ("GD&CP"), has filed a lawsuit under 42 U.S.C. § 1983. Accompanying his complaint is a motion for a preliminary injunction (Doc. 3). He seeks to have this Court order that Defendants remove him from GD&CP's Special Management Unit and place him in general population.

In *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotation omitted), the Eleventh Circuit Court of Appeals stated that a "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." The four requisites Plaintiff must establish are as follows: (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (4) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

1

Plaintiff's motion fails to show that the "extraordinary and drastic remedy" of injunctive relief is warranted in this case. At a minimum, he fails to satisfy the first two prerequisites for this Court to grant a preliminary injunction. Plaintiff has not demonstrated that he is substantially likely to succeed on the merits of his underlying claims. Plaintiff has merely alleged constitutional violations without presenting any objective evidence that the Defendants actually violated his constitutional rights. The United States Supreme Court stated as follows with respect to the evidence required to overturn prison officials' judgments with respect to security or administrative matters: "[I]n the absence of *substantial* evidence in the record to indicate that the officials have exaggerated their response to [security or administrative] considerations, courts should ordinarily defer to their expert judgment in such matters." **Bell v. Wolfish**, 441 U.S. 520, 549 n.23 (1979) (emphasis added).

Plaintiff has also failed to demonstrative that a preliminary injunction is necessary to prevent irreparable injury. To satisfy the irreparable injury requirement, Plaintiff must both identify an irreparable injury that he will suffer if the injunction does not issue and show that the threat of injury is "neither remote nor speculative, but actual and imminent." ***See Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.***, 896 F.2d 1283, 1285 (11th Cir. 1990) (quotation omitted). Injunctive relief cannot be granted based on a mere perceived or suspected threat of harm. **See Alabama v. U.S. Army Corps of Eng'rs**, 424 F.3d 1117, 1128 (11th Cir. 2005), ***cert. denied***, 547 U.S. 1192 (2006); **Williams v. Bd. of Regents of the Univ. Sys. of Ga**., 477 F.3d 1282, 1302-03 (11th Cir. 2007). Again, Plaintiff provides only his unsupported allegations in his motion and if a constitutional violation has occurred, he would appear to have an adequate remedy at law in this Court.

2

For these reasons, the undersigned finds that Plaintiff has failed to satisfy the prerequisites necessary for an injunction to issue. It is thus **RECOMMENDED** that Plaintiff's motion for preliminary injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, within fourteen (14) after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of November, 2014.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge

3