IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MIGUEL JACKSON,

        Plaintiff.

VS.

        NO. 5:14-CV-376-MTT-CHW

Warden CARL HUMPHREY,
*et al.*,

        Defendants.

## ORDER & RECOMMENDATION

Plaintiff **MIGUEL JACKSON**, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Since filing his complaint, Plaintiff has filed a "Supplemental Complaint" (Doc. 15) and a motion for leave to file an amended complaint (Doc. 16).[1]

Plaintiff's motion to amend provides additional detail and adds Defendants to the allegations contained in Plaintiff's original complaint. Plaintiff's motion is **GRANTED**, *see* Fed. R. Civ. 15(a), and the Court considers below the allegations in Plaintiff's initial complaint and his motion together. In his supplemental complaint, Plaintiff attempts to raise claims unrelated to his

---

[1] Plaintiff was previously allowed to proceed *in forma pauperis* (Doc. 7) and has paid an initial partial filing fee of $31.00 (unnumbered docket entry dated Jan. 5, 2015). As discussed below, Plaintiff will be obligated to pay the unpaid balance of $319.00. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

1

initial complaint and motion to amend. As discussed below, such claims must be brought in a separate lawsuit.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

### A. Original and Amended Complaints

Plaintiff's claims in his original complaint and amendment arise out of his solitary confinement in the Special Management Unit ("SMU") at GD&CP. He alleges that he was housed in SMU upon his transfer into GD&CP on January 4, 2011. According to Plaintiff, he was not provided an initial hearing regarding his placement in SMU or any opportunity to contest such placement.

On June 10, 2012, Plaintiff and other inmates went on a hunger strike and filed numerous grievances about being confined in SMU. Plaintiff "led a vigorous campaign exposing and

criticizing" prison officials.  This issue allegedly attained "nationwide media attention."  In September 2012, prison officials created a new SMU standard operating procedure and began to implement it in October 2012.  According to Plaintiff, the new SMU procedure actually imposed "more extreme restrictions" on inmates housed in SMU.  Such restrictions allegedly included "coercion and a behavior modification program," denial of adequate time outside cell, and restrictions on having visitors and other privileges.  Plaintiff also alleges inadequate sanitation and infestation by rodents and insects.  According to Plaintiff, he remains in SMU, notwithstanding his completion of the program.  At the time the instant action was filed, Plaintiff had been confined in SMU for 1,395 days.

Plaintiff alleges that his due process rights were violated by both his initial confinement in SMU and his continued confinement under the new SMU standard operating procedure.  Plaintiff also characterizes his continued confinement in SMU as retaliation for the above exercise of his First Amendment rights.

In connection with his SMU confinement, Plaintiff names as Defendants the following GD&CP personnel:  current Warden Bruce Chatman, former Warden Carl Humphrey, Deputy Warden June Bishop, SMU Superintendent Rodney McCloud, SMU Manager James McMillan, Facilities Operation Director Randy Tillman, and SMU Classification Committee members Rufus Logan, Dwain Williams, and Monique Gholston.  Plaintiff also sues Brian Owens, Commissioner of the Georgia Department of Corrections ("GDOC").  Liberally construing Plaintiff's allegations in his favor, he appears to assert that each of the named Defendants personally participated in Plaintiff's initial and continued retaliatory confinement in SMU.  The Court will therefore allow Plaintiff's First, Eighth, and Fourteenth Amendment claims to go forward against these

Defendants.[2]

### B. *Supplemental Complaint*

In his supplemental complaint, Plaintiff alleges that his legal mail and other property were taken from Plaintiff's cell while he was in court on September 3, 2014. Plaintiff summarily states that Lieutenant Andrew Russo stole Plaintiff's legal mail "in order to destroy evidence in a pending civil case" filed by Plaintiff's attorney, Mario Williams, against Russo and "SMU Administrators." He claims that Officer Robert O'Neal removed Plaintiff's personal property from his cell. Plaintiff also claims that Superintendent Rodney McCloud knew about Russo being involved in the above case and failed to prevent Russo from stealing Plaintiff's legal mail. Finally, Plaintiff sues June Bishop, whom he claims failed to "discipline or admonish" Russo.

A plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507

---

[2] Section 1983 claims in Georgia must be filed within two years after the allegedly unconstitutional conduct occurs. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Because Plaintiff's original complaint is dated October 16, 2014, claims accruing before October 16, 2012, are generally barred by the statute of limitations. It is also possible that Plaintiff may have failed to exhaust his administrative remedies before filing his complaint as is required by 42 U.S.C. § 1997e(a). The Court, however, will defer any ruling as to the statute of limitations and exhaustion until the Defendants have filed a responsive pleading.

F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.... A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

There is no logical relationship between Plaintiff's confinement in SMU and the alleged theft of his legal mail and other property. Such claims therefore may not be brought in a single lawsuit. If Plaintiff wishes to pursue claims relating to the theft of his legal mail (First Amendment) or claims for deprivation of his other property without due process (Fourteenth Amendment), Plaintiff must file a separate lawsuit raising such claims. Accordingly, it is **RECOMMENDED** that the Court not consider such claims in this action.

### III. SUMMARY

After conducting a preliminary review of Plaintiff's complaint and amended complaint, the undersigned will now allow Plaintiff's First, Eighth, and Fourteenth Amendment claims to go forward against Defendants Chatman, Humphrey, Bishop, McCloud, McMillan, Tillman, Logan, Williams, Gholston, and Owens. It is therefore **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED** that the claims raised in Plaintiff's supplemental complaint not be considered in this action. Plaintiff is not without recourse, however, as he may file a new lawsuit asserting such claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:   except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

9

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

**SO ORDERED AND RECOMMENDED**, this 4th day of May, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge