IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MIGUEL JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-376 (MTT) |
| ) | |
| **Warden CARL HUMPHREY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

After screening the Plaintiff's original complaint (Doc. 1), supplemental complaint (Doc. 15), and amended complaint (Doc. 16) pursuant to 28 U.S.C. §1915A, United States Magistrate Judge Charles H. Weigle ordered the First, Eighth, and Fourteenth Amendment claims raised in the original and amended complaints against Defendants Chatman, Humphrey, Bishop, McCloud, McMillan, Tillman, Logan, Williams, Gholston, and Owens to go forward.  The Magistrate Judge recommends "that the [First and Fourteenth Amendment] claims raised in Plaintiff's supplemental complaint not be considered in this action."  (Doc. 18 at 7).  The Plaintiff has objected to the dismissal of the claims in his supplemental complaint.  (Doc. 22).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff's claims in the original and amended complaints concern his confinement in SMU, and the claims in his supplemental complaint concern the alleged theft of his legal mail and deprivation of personal property.  The Magistrate Judge

- 2 -

recommends that the Court not consider the claims in the supplemental complaint because "[t]here is no logical relationship between Plaintiff's confinement in SMU and the alleged theft of his legal mail and other property." (Doc. 18 at 6). In his supplemental complaint, the Plaintiff alleges that Lieutenant Andrew Russo stole the Plaintiff's legal mail "in order to destroy evidence in a pending civil case against [Russo] and SMU Administrators" and that Officer Robert O'Neal, who was with Russo, took the Plaintiff's personal property without authorization. (Doc. 15 at 2-3, 8-10). The Plaintiff also alleges that Superintendent Rodney McCloud failed to prevent Russo from stealing the Plaintiff's legal mail despite his knowledge of Russo's prior alleged theft and that Deputy Warden June Bishop failed to discipline Russo for the theft of his legal mail.

In his objection, the Plaintiff argues that the claims "[a]re [r]elated and arose from a series of transactions" because Russo stole the Plaintiff's original complaint for this lawsuit. (Doc. 22 at 1). As stated by the Magistrate Judge, pursuant to Fed. R. Civ. P. 20(a)(2), a plaintiff "may not join unrelated claims and various defendants unless the claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and 'any question of law or fact common to all defendants will arise in the action.'" (Doc. 18 at 5 (quoting Fed. R. Civ. P. 20(a)(2)). Here, Russo and O'Neal are not named in the original and amended complaints regarding his confinement in SMU, and McCloud's and Bishop's alleged conduct in the supplemental complaint only concern their role in Russo's alleged theft. Moreover, it is clear from the Plaintiff's supplemental complaint and objection that the Plaintiff alleges Russo was motivated to steal his legal mail because of a previously filed lawsuit against him, not the present one. Thus, while the legal mail Russo allegedly stole happened to be mail containing

- 3 -

legal documents related to this case, the Plaintiff's claim arising from this is not at all related, much less logically related, to his claims in the original and amended complaints.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's claim against Russo, Bishop, and McCloud regarding the theft of his legal mail and his claim against O'Neal regarding the deprivation of personal property are **DISMISSED without prejudice**. Russo and O'Neal are **DISMISSED** as Defendants. Should the Plaintiff wish to pursue a § 1983 action regarding the theft of his legal mail and the deprivation of his property, he will need to file a separate lawsuit.

**SO ORDERED**, this 2nd day of October, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT